# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

DEUTSCHE BANK NATIONAL TRUST COMPANY,

    Plaintiff

v.

WESTCOR LAND TITLE INSURANCE CO.

    Defendant

Case No.: 2:20-cv-01706-APG-VCF

**Order**

    This is one of many lawsuits in this court between lenders and title insurers in which the parties dispute whether the title insurers properly denied coverage for claims related to homeowners association liens. Many of those cases are stayed, either by stipulation of the parties or by order of the court, to await a ruling from the Ninth Circuit in *Wells Fargo Bank, N.A. v. Fidelity National Title Ins. Co.*, Ninth Cir. Case No. 19-17332 (District Court Case No. 3:19-cv-00241-MMDWGC) (*Wells Fargo II*). In this case, only discovery is stayed. ECF No. 37. There are pending motions to dismiss and for summary judgment that raise the same issues presently under consideration in *Wells Fargo II*. ECF Nos. 9, 24.

    I therefore ordered the parties to confer about whether I should deny the pending motions at ECF Nos. 9 and 24 without prejudice to refile after the Ninth Circuit rules on *Wells Fargo II*. ECF No. 45. I directed that if the parties did not agree, then whoever opposed was required to show cause why I should not take that course of action. *Id.* Plaintiff Deutsche Bank National Trust Company responded that this "case should not be stayed" because although *Wells Fargo II* will resolve some issues, there are discovery and duty-to-defend issues that may still have to be resolved regardless of the outcome of *Wells Fargo II*. ECF No. 52.

My order to show cause did not suggest that the entire case be stayed. Instead, I ordered the parties to confer on whether the pending dispositive motions should be denied without prejudice to renew following the Ninth Circuit's decision in *Wells Fargo II*. Deutsche has not persuaded me that this case is so different from *Wells Fargo II* that the court and the parties would not benefit from awaiting that decision before any dispositive motions are resolved. The Ninth Circuit's decision will no doubt spur requests for supplemental briefing or reconsideration. The sounder course is to await the Ninth Circuit's ruling, after which the parties can prepare motions and responses consistent with the Ninth Circuit's guidance. I therefore will deny without prejudice the parties' dispositive motions. I express no opinion on the pending motion to compel, which is before Magistrate Judge Ferenbach.

I THEREFORE ORDER that the pending motions to dismiss and for summary judgment **(ECF Nos. 9 and 24) are DENIED** without prejudice to refile after the Ninth Circuit rules on *Wells Fargo II*.

DATED this 24th day of May, 2021.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE