# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY,<br><br>    Plaintiff<br><br>v.<br><br>WESTCOR LAND TITLE INSURANCE CO.,<br><br>    Defendant | Case No.: 2:20-cv-01706-APG-VCF<br><br>**Order**<br><br>[ECF Nos. 58, 60, 65] |

This is one of many lawsuits in this court between lenders and title insurers in which the parties dispute whether the title insurers properly denied coverage for claims related to homeowners association liens.  Many of those cases are stayed, either by stipulation of the parties or by order of the court, to await a ruling from the Ninth Circuit in *Wells Fargo Bank, N.A. v. Fidelity National Title Ins. Co.*, Ninth Cir. Case No. 19-17332 (District Court Case No. 3:19-cv-00241-MMD-WGC) (*Wells Fargo II*).  In this case, discovery was stayed except for items related to a motion to compel. ECF No. 37.  Currently pending are three matters: (1) plaintiff Deutsche Bank National Trust Company's motion to seal, (2) Deutsche's objection to Magistrate Judge Ferenbach's order at ECF No. 64, and (3) defendant Westcor Land Title Insurance Co.'s motion to stay the case.

**A.  Motion to Seal (ECF No. 60)**

Deutsche moves to seal exhibit 1 and all references to exhibit 1 in Deutsche's opposition to Westcor's motion to stay because Westcor had designated exhibit 1 as confidential. ECF No. 60.  On July 14, I entered a minute order indicating that I was inclined to deny this motion because I saw no need to seal exhibit 1.  I gave Westcor until July 21, 2021 to explain why the

exhibit and related references should be sealed. ECF No. 68.  I advised Westcor that if it did not

respond, I would deny the motion to seal. *Id.*

Westcor did not respond.  I therefore deny the motion to seal.  I also instruct the clerk of

court to unseal ECF No. 62 and its attachments.

**B.  Objection (ECF No. 65)**

On June 23, 2021, Magistrate Judge Ferenbach denied Deutsche's motions to compel and

for attorney's fees and costs (ECF Nos. 47, 48) without prejudice to refile if I deny Westcor's

motion to stay the case. ECF No. 64.  Deutsche objects, contending that it would be more

appropriate to resolve the motion to compel before a stay is considered.  Deutsche contends the

motion to compel should be addressed first because it raises issues regarding preservation of

information.  Deutsche also contends that regardless of the outcome of *Wells Fargo II*, the

discovery at issue in the motion to compel will be necessary.  Westcor responds that Deutsche

has not shown that Judge Ferenbach's decision was clearly erroneous or contrary to law.

Magistrate judges are authorized to resolve pretrial matters subject to district court review

under a "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A); *see also* Fed.

R. Civ. P. 72(a); LR IB 3-1(a) ("A district judge may reconsider any pretrial matter referred to a

magistrate judge in a civil or criminal case pursuant to LR IB 1-3, when it has been shown the

magistrate judge's ruling is clearly erroneous or contrary to law.").  A magistrate judge's order is

"clearly erroneous" if the court has "a definite and firm conviction that a mistake has been

committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948).  "An order is contrary

to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure."

*Jadwin v. Cnty. of Kern*, 767 F. Supp. 2d 1069, 1110-11 (E.D. Cal. 2011) (quotation omitted).  I

2

1  may not substitute my judgment for that of the magistrate judge. *Grimes v. City & Cnty. of San*

2  *Francisco*, 951 F.2d 236, 241 (9th Cir. 1991).

3      Deutsche has not shown that Judge Ferenbach's decision to await my ruling on the

4  motion to stay was clearly erroneous or contrary to law.  To the extent Deutsche is concerned

5  about preservation of evidence, Westcor is on notice of its duty to preserve evidence.  I therefore

6  overrule the objection.

7      **C.  Motion to Stay Case (ECF No. 58)**

8      Westcor moves to stay the case pending the Ninth Circuit's decision in *Wells Fargo II*.

9  Deutsche objects to a stay only as to a discovery dispute concerning Westcor's custom, practice,

10  and trade usage.  Deutsche contends this discovery will be necessary regardless of the outcome

11  in *Wells Fargo II*, so discovery on this issue should not be stayed so the evidence can be

12  preserved.

13      A district court has the inherent power to stay cases to control its docket and promote the

14  efficient use of judicial resources. *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936);

15  *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007).

16  When determining whether to stay a case pending the resolution of another case, I must consider

17  (1) the possible damage that may result from a stay, (2) any "hardship or inequity" that a party

18  may suffer if required to go forward, and (3) "the orderly course of justice measured in terms of

19  the simplifying or complicating of issues, proof, and questions of law" that a stay will engender.

20  *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005).

21      A *Landis* stay is appropriate here.  The crux of the parties' dispute is whether the title

22  insurance policy covers any loss related to a homeowners association (HOA) lien and subsequent

23  foreclosure.  Deutsche does not generally oppose a stay and it does not dispute that *Wells Fargo*

1   *II* will impact the coverage question.  The Ninth Circuit's decision thus should resolve, or at least

2   simplify, the parties' dispute in this case.  Staying this case pending the mandate in *Wells Fargo*

3   *II* will permit the parties to present arguments and evidence in the context of complete and

4   resolved precedent, and it will allow me to evaluate the claims in light of this legal authority.

5   Consequently, a stay pending the mandate would simplify the proceedings and promote the

6   efficient use of the parties' and the court's overburdened resources.

7        Resolving the claims or issues in this case before the Ninth Circuit issues the mandate in

8   *Wells Fargo II* could impose a hardship on the parties and the court through the continued

9   expenditure of resources.  The potential damage that may result from a stay is that the parties

10   will have to wait longer for resolution of this case and any motions that they intend to file in the

11   future.  But a delay may also result from new briefing that may be necessitated by the Ninth

12   Circuit's ruling.  Deutsche also contends it will suffer damage if the limited discovery it wants to

13   pursue is stayed because it has concerns about preservation of evidence.  But as discussed above,

14   Westcor is on notice of its duty to preserve evidence.

15        Finally, the stay pending the mandate may be short.  The length of this stay is tied to the

16   Ninth Circuit's issuance of its mandate in *Wells Fargo II*, so it is not indefinite.  The Ninth

17   Circuit is contemplating setting oral argument in fall 2021.  Once the mandate is issued, either

18   party may move to lift the stay.

19   **D.  Conclusion**

20        I THEREFORE ORDER that plaintiff Deutsche Bank National Trust Company's motion

21   to seal **(ECF No. 60) is DENIED**.  The clerk of court is instructed to unseal ECF No. 62 and its

22   attachments.

23

I FURTHER ORDER that plaintiff Deutsche Bank National Trust Company's objection **(ECF No. 65) is overruled**.

I FURTHER ORDER that defendant Westcor Land Title Insurance Co.'s motion to stay case **(ECF No. 58) is GRANTED**.  This case is administratively **STAYED** until the Ninth Circuit issues the mandate in *Wells Fargo Bank, N.A. v. Fidelity National Title Ins. Co.*, Ninth Cir. Case No. 19-17332 (District Court Case No. 3:19-cv-00241-MMD-WGC).  Once the mandate issues, any party may move to lift the stay.

DATED this 3rd day of August, 2021.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE